Commonwealth *v.* Wilson, Appellant.

Submitted April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Alfred P. Filippone,* for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

On May 25, 1973, Grant Wilson was convicted by a jury of the following crimes: conspiracy; assault and battery; aggravated assault and battery; and, murder in the second degree. Post trial motions were denied, and Wilson was then sentenced on the murder conviction to a state correctional institution for a term of five to twenty years. Sentence was suspended on the other convictions. This one appeal was then filed.[1]

The sole asserted assignment of error is the evidentiary use at trial of an incriminating statement made by Wilson during police custody. It is urged Wilson's arraignment was delayed unnecessarily following his arrest contrary to the mandate of Rule 118, Pa. R. Crim. P., ▮ and since the challenged statement was the product of that delay, it should not have been admitted in evidence at trial.[2] We agree. See *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974);

---

[1] As to appellate jurisdiction, see the Act of July 31, 1970, P. L. 673, art. II, §202(1), 17 P.S. §211.202(1) (Supp. 1974-1975), and art. V, §503(a), 17 P.S. §211.503(a) (Supp. 1974-1975).

[2] A pretrial motion to suppress the statement was denied.

and, *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973).

These are the relevant facts.

On September 26, 1971, about 1:00 a.m., several members of a street gang in Philadelphia ambushed and attacked two members of a rival street gang as they departed from a dance conducted in the auditorium of the Philadelphia Community College. Larry Coles, one of the victims of the attack, was repeatedly stabbed with a weapon, suffering wounds which caused his death.

The police arrived on the scene shortly after the occurrence and in dragnet fashion began to pick up for questioning all teenagers found in the immediate area. Wilson, age fourteen years and eight months, was one of those apprehended and taken to police headquarters.

After his arrival at police headquarters about 1:50 a.m., Wilson was immediately advised of his constitutional rights as mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966), and was then placed in isolation. Between 3:00 a.m. and 9:00 a.m., he was questioned by the police for short periods of time in three separate instances. On each such occasion, he denied any knowledge of the Coles' attack. About 9:00 a.m., Wilson was questioned for the fourth time and this questioning extended for about fifty minutes. During this questioning he admitted being at the scene of the attack, but denied being involved. About 12:45 p.m., Wilson's mother arrived at police headquarters, and, after discussing her son's problem with one of the investigating officers, she followed the officer's suggestion and urged her son to submit to a polygraph test and to tell the truth. Such a test ensued between 1:20 p.m. and 3:00 p.m., and it was during this time period that Wilson admitted being one of those who participated in the Coles' attack. Evidence of this incrimination was admitted at trial over objection.

In *Commonwealth v. Futch,* supra, this Court held that all evidence obtained during an unnecessary delay between arrest and arraignment must be excluded at trial except that evidence which has no reasonable relationship to the delay. The Commonwealth argues the delay in this case was necessary in order to permit the police an opportunity to check out Wilson's initial exculpatory statements. This same position was specifically rejected in *Commonwealth v. Williams,* supra, and what was said in *Williams* in reference to this argument applies with equal force here.

Finally, the Commonwealth urges Wilson's incrimination was the product of the advice of his mother, rather than the delay in arraignment. While it is undoubtedly true that his mother played an important role in Wilson incriminating himself, it is equally clear that the incrimination was reasonably related to the delay in arraignment.

Judgment and orders reversed and a new trial is granted.

———

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I respectfully dissent from the reversal of the judgment of sentence because it is based upon a retrospective application of the exclusionary rule first announced in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). *See* the dissenting opinion of this writer in *Commonwealth v. Johnson,* 458 Pa. 425, 327 A.2d 618 (1974) and the opinions therein cited.

Mr. Chief Justice JONES and Mr. Justice EAGEN join in this dissenting opinion.