494 A.2d 399

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Andrew REVTAI.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed April 26, 1985.

Reargument and Reconsideration Denied
June 28, 1985.

Dara A. Decourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

William Sittig, Pittsburgh, for appellee.

Before OLSZEWSKI, HESTER and SHIOMOS,* JJ.

OLSZEWSKI, Judge:

The Commonwealth appeals from an order of the Court of Common Pleas of Allegheny County granting appellee-Andrew Revtai's motion for writ of habeas corpus and dismissing charges of driving under the influence of alcohol or controlled substance.

Appellee-Revtai was arrested on May 25, 1983 and charged with driving under the influence. 75 Pa.C.S. Sec. 3731.[1] Appellee was not immediately taken before the issuing authority, but was released without arraignment pursuant to Pa.R.Crim.P., Rule 130(b), 42 Pa.C.S. A complaint was filed on May 31, 1983, six days after the arrest.

At his preliminary hearing, appellee requested that the charges be dismissed based on the Commonwealth's failure to file a complaint within five days of arrest under Rule 130(d). This request was denied. Appellee filed a motion for writ of habeas corpus on August 18, 1983, again based upon the Commonwealth's failure to comply with Rule 130(d). From the granting of the motion, the Commonwealth appeals.

One issue is presented for our review: whether the lower court correctly dismissed the charges, under Rule 130(d), where the Commonwealth failed to file a complaint within five days of appellee's arrest. After careful consideration of this issue of first impression, we affirm the order of the court below.

Rule 130, Procedure in Court Cases initiated by Arrest Without Warrant, states in pertinent part:

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant

---

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. A breathalyzer test administered showed that appellee had a .23% blood alcohol concentration.

from custody rather than taking him before the issuing authority.

\* \* \* \* \* \*

(d) When a defendant is released pursuant to paragraph (b) ... a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued, and the case shall proceed as provided in Rule 110. Rule 130(b) and (d), Pa.R.Crim.P., 42 Pa.C.S., amended January 28, 1983, effective July 1, 1983.

 Where the words of a statute are clear, the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent. *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980). We find that Rule 130(d) is not merely directory, but mandatory in its plain meaning that a complaint must be filed within five days of arrest and release.

The legislative history, preceding enactment of Rule 130, is most instructive. Rule 130 was originally adopted as Pa.R.Crim.P., Rule 118, 42 Pa.C.S. in 1964 and has been amended four times before achieving its present form in 1981. In its initial form, the rule provided only that a defendant was to be taken promptly before the proper issuing authority and an immediate preliminary arraignment held. The rule was amended to provide for a defendant's release in certain instances, pending the filing of a complaint. The amended rule did not impose a time limit for filing the complaint nor mandate sanctions for unnecessary delay in filing. Case law, interpreting the rule in this form, reviewed the standard of unnecessary delay in view of the reasons for delay balanced against substantive prejudice to a defendant.

The most recent amendment to Rule 130 provides a clear and uniform requirement for the courts to apply. The evolution of the rule effectuates a legislative and judicial policy toward eliminating guesswork as to what constitutes "unreasonable delay." The rule unequivocally establishes

five days from the date of a defendant's release as a time limit for the issuance of a criminal complaint.[2]

Dismissal of charges is the appropriate remedy for a violation of the five day deadline. There is no reason imaginable, nor did the Commonwealth offer any excuse, why the arresting officer cannot file a criminal complaint within five days. Delay in the criminal process is inherently prejudicial. In situations where our courts allow reasonable delay, it is the Commonwealth which bears the burden of justifying a delay rather than a defendant required to show prejudice. *See* Pa.R.Crim.P., Rule 1100(c), 42 Pa.C.S. (Commonwealth must show due diligence in efforts to avoid delay in bring defendant to trial); Pa.R.Crim.P., Rule 303, 42 Pa.C.S. (Commonwealth must show cause for delay in arraignment); *See also Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977) (unnecessary prearraignment delay). Dismissal is the only effective remedy available to enforce the rule.

■ The Commonwealth urges that Rule 130 should be interpreted in light of Pa.R.Crim.P., Rule 150, 42 Pa.C.S., which states:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of the complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

We hold that the specific application of Rule 130(b) and (d) to the circumstances of this case controls and is an exception to the general statement of policy defined by Rule

2. *See* "Discussion of Proposed Amendments", *Pennsylvania Bulletin* Vol 11, No. 5, Saturday, January 31, 1981, p. 497:
The Committee was concerned, however, that this portion of present Pa.R.Crim.P. 130(b) is not entirely clear that a complaint should be filed promptly after a defendant is released.... To avoid misinterpretation the Committee agreed that a specific time period should be established for filing a complaint....

154

150. *See* 1 Pa.C.S. Sec. 1933; *Commonwealth v. Bidner*, 282 Pa.Super. 100, 422 A.2d 847 (1980).

■ Our conclusion today rests upon full consideration of the competing interests of the Commonwealth in securing justice and of the individual in the full enjoyment of his rights to due process. A defendant must be able to rely on specific time limitations promulgated by the Criminal Rules Committee under authority delegated through the Supreme Court by the legislature.

The order is affirmed.