## Commonwealth v. Gladis

*Anthony Berosh, assistant district attorney,* for the Commonwealth.

*John Walker,* for defendant.

STEEGE, *J.,* March 31, 1986—Defendant is charged with operating a motor vehicle while under the influence of alcohol. He has moved to dismiss the charges on the grounds that the Commonwealth has failed to comply with the provisions of Rule 130 of the Pennsylvania Rules of Criminal Procedure (Rule 130) (sub-paragraph (b) of Rule 130 permits a police officer making an arrest for driving under the influence of alcohol to "release the defendant from custody rather than taking him before the issuing authority." Sub-paragraph (d) provides

that when a defendant is so released "a complaint shall be filed against defendant within five days of defendant's release."). We do not agree that Rule 130 has been violated here and we deny the motion to dismiss.

A hearing into the motion was held on March 25, 1986. At the hearing defense counsel and the prosecuting attorney stipulated to the following pertinent facts:

1. Defendant was arrested, in Beaver County, on December 17, 1985.

2. The criminal complaint was filed on December 23, 1985.

3. December 22, 1985 was a Sunday.

The Act of June 20, 1983, P.L. 136, §1, as amended by the Act of August 11, 1959, P.L. 692, §1, 73 P.S. §1802 ("§1802 of Title 73") reads in its entirety as follows:

"§1802. Computation of time

"Where by any existing law or rule of court, or by any law or rule of court that may hereafter be enacted and made, the performance or doing of any act, duty, matter, payment or thing shall be ordered and directed, and where any court shall by special or other order, direct the performance or doing of any act, matter, payment, sentence or decree, and the period of time or duration for the performance or doing thereof shall be prescribed and fixed, such time in all cases shall be so computed as to exclude the first, and include the last days of any such prescribed or fixed period, or duration of time: Provided, that whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth, or of the United States, such day shall be ommitted from the computation: And provided, That this act shall not apply to the payment of negotiable paper."

Rule 130 is a "rule of court" and §1802 of Title 73 clearly applies here. The last day of Rule 130's five-day limitation period fell on Sunday, December 22, 1985, and that day is to "be omitted from the computation" in determining compliance with Rule 130. Monday, December 23, 1985, became the fifth day of the time period; the filing of the criminal complaint on that day was timely.

Defense counsel argues forcefully and with great skill that the Superior Court's holding in Commonwealth v. Revtai, 343 Pa. Super. 149, 494 A.2d 399 (1985), compels dismissal of the complaint here. Revtai did present a factual situation similar to that in the instant case. Defendant was arrested on Wednesday, May 25, 1983, and the complaint was filed on Tuesday, May 31, 1983. Monday, May 30, 1983, was Memorial Day. The trial court dismissed the complaint for failure to comply with Rule 130 and the Superior Court affirmed. (The Supreme Court has granted allocatur.) However, a careful reading of the Superior Court's opinion in Revtai reveals that the court did not consider §1802 of Title 73, and we must assume that the prosecution did not raise it. We conclude that the case at bar is one of first impression and that Revtai is not controlling.

We therefore enter the following

## ORDER

Defendant's motion to dismiss the prosecution of this case is denied.