517 A.2d 189

**COMMONWEALTH of Pennsylvania**

v.

**Scott C. HAGERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 14, 1986.

Filed Sept. 15, 1986.

Reargument Denied Nov. 10, 1986.

Samuel K. Gates, York, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Com., appellee.

Before WATKINS, HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence entered upon appellant's conviction of driving under the influence ("DUI") following a jury trial. Appellant argues that the refiling of charges, after the initial charges were dismissed at his first preliminary hearing, violated the holding of *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 498 A.2d 925 (1985), and requires dismissal of the charges against him. We agree that there might have been a violation of *Hatcher*, and remand the case for further proceedings due to the fact that the record is incomplete.

On February 20, 1985, appellant was arrested by McSherrystown Borough police and charged with DUI. The initial complaint was filed on February 21, 1985. A preliminary hearing was held on March 18, 1985, and the charges were dismissed. The DUI charges were refiled on March 20, 1985. At the second preliminary hearing, the charges were waived into court. At appellant's formal arraignment, he pleaded not guilty and requested a jury trial.

The case was called for trial, a jury was selected and appellant orally moved to have his charges dismissed pursuant to Pa.R.Crim.P. 130. The motion was denied and trial was held on August 23, 1985. The jury returned a verdict of guilty. Post-trial motions were filed and denied. On February 12, 1986, appellant was sentenced.

Appellant argues that the procedure followed in his case violates the holding in *Commonwealth v. Hatcher, supra.* Hatcher was arrested without a warrant for DUI, released pursuant to Pa.R.Crim.P. 130(b), and a complaint was issued within five days pursuant to Rule 130(d). At Hatcher's preliminary hearing, the magistrate dismissed the charges due to the Commonwealth's failure to establish a prima facie case. The arresting officer failed to identify Hatcher

as the operator of the vehicle. Eight days later, the Commonwealth filed a second complaint upon which Hatcher was convicted of DUI. On appeal, we held that "the dismissal of charges at a preliminary hearing precludes rearrest and subsequent prosecution when the second arrest occurs after the five day period for filing charges pursuant to Rule 130(d) ... pertaining to arrest without warrant." *Hatcher, supra,* 345 Pa.Superior Ct. at 484, 498 A.2d at 927. Appellant argues that this holding controls his case.

 The trial court and the Commonwealth correctly note the general rule that, barring misconduct by the Commonwealth, dismissal of charges at a preliminary hearing does not end the case but may be followed by the filing of a second complaint based on the same criminal episode. *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981); *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). Applying this rule, the Commonwealth would distinguish *Hatcher, supra,* on the basis that Hatcher's second complaint issued more than five days after the first complaint was dismissed, whereas appellant's second complaint issued within five days of dismissal of the first complaint. We cannot accept such a reading of *Hatcher.*

In the first place, Rule 130(d) requires that a complaint be filed within five days of release pursuant to Rule 130(b). Rule 130(b) and (d) read as follows:

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

. . . .

(d) When a defendant is released pursuant to paragraph (b) ..., a complaint shall be filed against the defendant within five (5) days of the defendant's release.

Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

Rule 130(d) thus requires that a complaint issue within five days of a defendant's arrest without a warrant for DUI and his release pursuant to subsection (b); Rule 130(d) does not suggest that a complaint may issue within five days of a defendant's release due to dismissal of DUI charges at a preliminary hearing, which usually occurs many weeks after arrest and release pursuant to Rule 130(b).

In the second place, a careful reading of *Hatcher* compels the conclusion that a *supportable* complaint must be filed within five days of a DUI arrest. We stated in *Hatcher*:

> In view of the foregoing it is clear that Rule 130(d) requires strict compliance. A careful review of the record has not revealed any plausible explanation for the Commonwealth's error in failing to establish a *prima facie* case against appellant at the first preliminary hearing. Our decision today again emphasizes an individual's right to be free from unreasonable delays in the criminal process. We can foresee situations where the Commonwealth could repeatedly refile charges against a defendant if it erred in establishing its case at preliminary hearings. *Rule 130(d) establishes a time limit within which the Commonwealth must file supportable charges in a D.U.I. case where the defendant is released from custody before the charges are filed.*

*Hatcher, supra* 345 Pa.Super. at 486–87, 498 A.2d at 928 (emphasis added.) If, due to the Commonwealth's dereliction, charges are dismissed at the preliminary hearing, it will be far too late to comply with the five-day requirement of Rule 130(d). Rule 130(d) simply does not contemplate the filing of a new complaint within five days of a preliminary hearing in which the initial complaint was dismissed due to the Commonwealth's unexplained failure to establish a prima facie case. The opinion in *Hatcher* makes this clear.

*Commonwealth v. Genovese, Commonwealth v. Cartagena,* and *Commonwealth v. Hetherington, supra,* permitting the refiling of a complaint following dismissal of the

initial complaint at a preliminary hearing, involved offenses which were not subject to Rule 130(d). The only time constraints involved in those cases were statutes of limitation—no law or rule of court required an earlier filing of a complaint. Those cases held that failure to establish a prima facie case at a preliminary hearing is not a final determination such as an acquittal, and leaves the defendant subject to rearrest; they did not address the timeliness of the second complaint under Rule 130(d) or any similar rule.

Indeed, the language of the Supreme Court of Pennsylvania in *Commonwealth v. Genovese, supra,* strongly supports our conclusion. The court stated:

> Here, once the first complaint was dismissed, it became a nullity for *all* purposes, including Rule 1100. As in *Cartagena, supra,* "the second complaint . . . was the one which commenced this prosecution," 482 Pa. at 19, [393] A.2d at 357, and there is no evidence of a prosecutorial plan to avoid the mandate of the Rule. It follows, therefore, that the 180 day period must commence from the filing of the second complaint.

*Genovese, supra* 493 Pa. at 71, 425 A.2d at 370–71 (emphasis in original). If, upon dismissal, the first complaint against appellant became a nullity for all purposes, we fail to perceive how its dismissal could operate to revive a five-day filing period which commenced with his arrest.

We therefore hold that, if dismissal of the first complaint against appellant was due to lack of due diligence by the Commonwealth, the filing of a second complaint, even within five days of the preliminary hearing, was a violation of Rule 130(d), for it did not occur within five days of appellant's release pursuant to Rule 130(b). It follows that any proceedings on the second complaint would be invalid.

Regrettably, there is nothing in the record which indicates the reason for dismissal of the charges against appellant at his first preliminary hearing on March 18, 1985. As the record is incomplete, we must remand for a determi-

nation of the reason for the dismissal of the charges. Both *Hatcher, supra* 345 Pa.Super. at 486, 498 A.2d at 928, and *Commonwealth v. Revtai,* 343 Pa.Super. 149, 153, 494 A.2d 399, 401 (1985), would have permitted refiling of charges if the Commonwealth presented a justifiable excuse for exceeding the five-day requirement of Rule 130. On remand, the Commonwealth will bear the burden of justifying its failure to establish a prima facie case against appellant at the first preliminary hearing. *Hatcher, supra* 345 Pa.Super. at 486, 498 A.2d at 928; *Revtai, supra* 343 Pa.Super. at 153, 494 A.2d at 401. If the Commonwealth fails to establish a plausible explanation for dismissal of the charges at the first preliminary hearing, judgment of sentence is to be vacated and appellant discharged. *Hatcher, supra* 345 Pa.Super. at 486, 498 A.2d at 928. If the Commonwealth establishes that dismissal of the first complaint was not due to its own dereliction, judgment of sentence will stand. Jurisdiction is relinquished.