526 A.2d 393

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert L. HUMMEL, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1987.

Filed May 18, 1987.

Mark E. Morrison, Assistant District Attorney, Harrisburg, for Com., appellant.

Timothy J. O'Connell, Harrisburg, for appellant.

Before DEL SOLE, MONTEMURO and ROBERTS, JJ.

DEL SOLE, Judge:

On May 14, 1986, a van driven by Appellee was stopped by a Pennsylvania State Police trooper. A field sobriety test was conducted, following which, Appellee was arrested for driving under the influence of alcohol and/or a controlled substance. 75 Pa.C.S. § 3731(a)(1)–(4). In accordance with Pa.R.Crim.P., Rule 130(b), the arresting officer released Appellee instead of taking him before the District Justice. *See* Pa.R.Crim.P., Rule 130. On the following morning, a completed complaint was delivered to the District Justice's Office. However, the complaint was not certified and issued process by that office until May 21, 1986, seven days subsequent to Appellee's arrest and release. This was in direct contravention of subsection (d) of Rule 130, which provides:

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

Appellee was subsequently arraigned and given a trial date. A motion to quash was filed on Appellee's behalf, which was granted by the trial court after a brief hearing on the matter. This timely appeal follows.[1]

The Commonwealth, Appellant in the case at bar, avers that it was unduly prejudicial to the Commonwealth's interests for the District Attorney's Office to be held accountable for inadvertent judicial delay by the minor judiciary. (Appellant's Brief, 4). In support of this position, Appellant cites *Commonwealth v. Monosky*, 511 Pa. 148, 511 A.2d 1346, 1348 (1986) which provides that "[w]hen the district attorney has timely filed an application for an extension [of time under Rule 1100] and was unaware of inadvertent delay by the minor judiciary in processing the complaint, such judicial delay may justify granting the application." Appellant contends that this rationale is equally applicable to Rule 130 inasmuch as it is analogous to the instant case.

Appellee successfully argued before the trial court that *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), and its progeny, are controlling. In *Revtai*, we found that "Rule 130(d) is not merely directory, but mandatory in its plain meaning that a complaint must be filed within five days of arrest and release." *Id.* at 343 Pa.Superior Ct. at 152, 494 A.2d at 401. Likewise, the *Revtai* court declined to apply the remedial provisions of Rule 150 in interpreting Rule 130(d). Rule 150 states:

> [a] defendant shall not be charged nor shall a case be dismissed because a defect in form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

---

1. During the hearing on Appellee's motion to quash, Appellant reserved the right to appeal the trial court's decision on that matter. Clearly, this was sufficient to preserve Appellant's Rule 130(d) issue for our review.

Pa.R.Crim.P., Rule 150. The court concluded that Rule 130(b) and (d) were exceptions to the general statement of policy defined in Rule 150. *Ibid.*

Subsequent to the filings of both parties' briefs, we have reevaluated, *en banc,* the legitimacy of our holdings in *Revtai* and other cases concerning the application of Rule 130(d). In *Commonwealth v. Kerry Schimelfenig, et al.,* 361 Pa.Super. 325, 522 A.2d 605 (1987), we expressly overruled *Revtai* and held that this decision "incorrectly construed the Rules of Criminal Procedure, ignore[d] the history and spirit of the Rules and [had] no basis under case law." *Id.,* 361 Pa.Superior Ct. at 332, 522 A.2d at 609. Consequently, we determined in *Schimelfenig* that Rule 130(d)'s five-day time limitation is directory, not mandatory. *Id.,* 361 Pa.Superior Ct. at 332, 522 A.2d at 609. Moreover, after embarking upon a painstaking analysis of the relevant statutory and case law, we arrived at the "inescapable conclusion that [Rule 150] was expressly made applicable to Rule 130 situation and that "to label these Rules as conflicting is to simply ignore this application." *Id.,* 361 Pa.Superior Ct. at 339, 522 A.2d at 612.

■ In place of the rationale employed in *Revtai,* the *Schimelfenig* court promulgated a new "prejudice standard" for dealing with Rule 130(d) time infractions. Thus, before a tardy complaint may be dismissed for noncompliance with the five-day limitation set forth in Rule 130(d), there must be a showing of prejudicial delay made by the defendant. *Id.,* 361 Pa.Superior Ct. at 340, 522 A.2d at 612.

■ The record of the proceedings on the motion to quash does not contain an inquiry concerning any alleged prejudice incurred by Appellee due to the District Justice's two-day tardiness in issuing the complaint. Therefore, in an effort to comply with our newly established prejudice standard, we vacate the order dismissing the complaint and remand the case so that Appellee may be afforded the opportunity to show that he was prejudiced by the delay.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.