531 A.2d 483

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael Allen COOK.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1986.

Filed Aug. 31, 1987.

David E. Hershey, Assistant District Attorney, Harrisburg, for Com., appellant.

James P. Sheppard, Harrisburg, for appellee.

Before CIRILLO *, President Judge, and ROWLEY and TAMILIA, JJ.

PER CURIAM:

The order is reversed and the case is remanded to the trial court for further proceedings consistent with *Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987).

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I respectfully dissent to the majority's decision to reverse the Order of the trial court and remand for proceedings consistent with *Commonwealth v. Schimelfenig*, 361 Pa. Super. 325, 522 A.2d 605 (1987). Not only do I disagree with the result reached in *Schimelfenig*, I am not convinced the factual scenario at issue is directly analogous to *Schi-*

---

* Due to the resignation of Judge Wickersham, President Judge Cirillo has replaced him on this panel for purposes of deciding this case.

*melfenig* such that it must be followed in *this particular situation.*

This is a Commonwealth appeal from the Order of the trial court denying the Commonwealth's motion for a rule to show cause why a criminal complaint should not be refiled against appellee, Michael Cook.

Appellee was arrested on December 29, 1985 for driving under the influence of alcohol or a controlled substance and was released the same day. A criminal complaint was filed on December 30, 1985, and a summons was issued directing appellee to appear for a February 6, 1986 preliminary hearing. On February 6, 1986 at 11:00 a.m., appellee and his counsel appeared before District Justice Magaro; however, representatives from the police department and the district attorney's office failed to appear. Accordingly, District Justice Magaro dismissed the criminal complaint against appellee. On February 12, 1986, the complaining officer appeared before District Justice Magaro and requested permission to refile the complaint. This request was denied.

The Commonwealth now contends the trial court erred in denying their petition to refile the criminal. charges. I cannot agree. This issue has been squarely addressed by our Court in *Commonwealth v. Hatcher,* 345 Pa.Super. 481, 484, 498 A.2d 925, 927 (1985), wherein we held "the dismissal of charges at a preliminary hearing precludes rearrest and subsequent prosecution when the second arrest occurs after the five day period for filing charges pursuant to Pa.R.Crim.P. 130(d)."

The *Hatcher* Court relied on *Commonwealth v. Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985), allocatur granted, 509 Pa. 496, 503 A.2d 932 (1986) and *Commonwealth v. Press,* 342 Pa.Super. 507, 493 A.2d 705 (1985), allocatur granted, 509 Pa. 534, 505 A.2d 281 (1986) (both of which were expressly overruled by *Schimelfenig*) for the proposition that:

Rule 130(d) unequivocally establishes five days from the date of a defendant's release as the time within which charges must be lodged against a defendant [and that]

[t]he sanction for the Commonwealth's violation of the five day deadline is dismissal of the charges unless the Commonwealth can show due diligence in the fact of the violation.

*Id.*, 345 Pa.Superior Ct. at 484, 498 A.2d at 927. Although *Revtai* and *Press* have been overruled, *Hatcher* and *Commonwealth v. Hagerman*, 358 Pa.Super. 253, 517 A.2d 189 (1986) have not, and it is those two cases and the factual difference between them and *Schimelfenig, Ravtai* and *Press* upon which we rely. The facts here more closely approximate those in *Hatcher* and *Hagerman*. In all three of these cases, the Commonwealth *did* file timely (within five days of release after arrest) charges against the defendant/appellant. It was only after the original charges were dismissed and defendant released that a new charge was not filed within the requisite five days.

In *Hagerman, supra*, this Court held that if dismissal of the first complaint against the defendant was due to lack of due diligence by the Commonwealth, then the filing of a second complaint beyond the five-day period as required by Rule 130(d) is not proper and must be voided. In *Hagerman*, the Court could not ascertain from the record the reason for dismissal of the charges against the defendant and the case was remanded for such a determination.

In the instant action, the reason for dismissal of the complaint is clearly stated in the record—failure of representatives from either the district attorney's office or the police department to attend the preliminary hearing. Thus there was no one present at the preliminary hearing to prosecute this action. Under any standard, due diligence, at the very least, requires the Commonwealth's presence when prosecuting an action.

The trial court stated the legal principle succinctly and precisely, and we quote verbatim that section of the Opinion by Judge Herbert A. Schaffner which governs this case:

Our order denying the Commonwealth's motion was based on Pennsylvania Rule of Criminal Procedure 130(b) and 130(d) and *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 498 A.2d 925 (1985).

Rule 130(b) provides that when a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may release the defendant from custody. Rule 130(d) states that when a defendant is released pursuant to Rule 130(b), a complaint must be filed against the defendant within five (5) days of the defendant's release. In *Commonwealth v. Hatcher, supra,* the court determined that the dismissal of charges at a preliminary hearing precludes rearrest and subsequent prosecution when the second arrest occurs after the five day period for filing charges pursuant to Rule 130(d) Pa.R.Crim.P.

In this case, the refiling of charges could not be done in accordance with Rule 130(d) and for this reason, the Commonwealth's motion was denied.

Furthermore, in *Hagerman,* the Court remanded to permit the Commonwealth to establish that dismissal of the complaint was not due to its own dereliction. Such a determination is not appropriate under the circumstances of this case. No greater dereliction exists than failure to appear by either the district attorney or the police. Such failure to appear is a clear lack of due diligence.

Accordingly, I would vacate the judgment of sentence and dismiss appellant.