530 A.2d 1375

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Charles S. TALARIGO.**

Superior Court of Pennsylvania.

Argued March 9, 1987.

Filed Sept. 18, 1987.

Ross H. Cooper, Assistant District Attorney, Bellefonte, for Com., appellant.

Deborah Lux, Assistant Public Defender, Bellefonte, for appellee.

Before CIRILLO, President Judge, and BROSKY, WIEAND, OLSZEWSKI, DEL SOLE, MONTEMURO, TAMILIA, POPOVICH and JOHNSON, JJ.

BROSKY, Judge:

This is an appeal from the Order of the trial court dismissing the prosecution of this case of driving under the influence.

Appellant presents two issues for our consideration: (1) whether the criminal complaint issued against appellee was filed within the five (5) day limitations of Rule 130(d); and (2) whether the language of Rule 130(d) that a complaint "shall" be filed within five (5) days of release is directory

and not mandatory, and whether a motion to dismiss based upon a filing on the sixth (6th) day, should be granted absent a showing of specific prejudice resulting from the delay as required by Rule 150.

The trial court dismissed the prosecution of this case; however, we respectfully reverse the trial court's order.

Appellee was arrested and released on January 28, 1986, for driving under the influence of alcohol. On Monday, February 3, 1986, a criminal complaint was filed and a summons issued by the District Magistrate. A preliminary hearing was held on March 19, 1986, and, even though appellee moved to dismiss his charges, he was bound over to the Court of Common Pleas of Centre County. Appellee filed a timely pre-trial Omnibus motion for dismissal of his case due to an alleged violation of Pa.R.Crim.P. 130(d). A hearing on the motion was held on May 29, 1986, and, on June 9, 1986, an order was entered dismissing the case due to a violation of Pa.R.Crim.P. 130(d). Appellant Commonwealth filed a timely notice of appeal in this Court from the Order of June 9, 1986.

Turning first, to the second contention raised by appellant, (that being the need for a showing of prejudice when a complaint was filed on the sixth day following release), we find that this exact issue has been recently decided in *Commonwealth v. Schimelfenig, et al.*, 361 Pa.Super. 325, 522 A.2d 605 (1987). Like the defendants in *Schimelfenig*, appellee here was released pursuant to Pa.R. Crim.P. 130(b), which states:

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

Pa.R.Crim.P. 130(d) provides the procedure to be followed pursuant to such a release:

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant

within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

Because the instant complaint was not issued until February 3rd, following appellee's January 28th release, the trial court dismissed the prosecution of the matter. Appellant argues that Rule 130(d) must be read in conjunction with Pa.R.Crim.P. 150 which provides:

**Rule 150. Defects in Form, Content, or Procedure— Court Cases**

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

Previous case law had held that dismissal of charges was mandated for a violation of the five day limitation of Rule 130(d), and that Rule 150 did not apply to Rule 130(d) because, according to the legislative history, the five-day rule was specifically added to eliminate the guesswork of what constituted "unnecessary delay." *See Commonwealth v. Press*, 342 Pa.Super. 507, 493 A.2d 705 (1985), *allowance of appeal granted*, 509 Pa. 534, 505 A.2d 251 (1986) and *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), *allowance of appeal granted*, 509 Pa. 496, 503 A.2d 932 (1986). Both *Press* and *Revtai*, however, have been specifically overruled by an *en banc* panel of our court in *Schimelfenig, sujpra.* The *Schimelfenig* court based its decision upon several factors. Without reiterating the entire opinion verbatim, it is, nevertheless, useful to highlight that court's reasoning. With regard to the use of the word "shall" in Rule 130(d) as requiring mandatory effect, the *Schimelfenig* court stated that, "[d]ecisions both prior and subsequent to the effective date of Rule 130(d) have held that similar rules of procedure, containing the same "mandatory" language, should not be enforced with

dismissal of charges in the absence of prejudice to the defendant." 361 Pa.Super. 325, 332, 522 A.2d 605.

Citing the Committee Report which accompanied the 1984 Amendments to Rule 130 (which added the five-day limitation period), along with other developments in the Rules of Criminal Procedure, the Court in *Schimelfenig* also discussed, in detail, the reasons for the amendments, along with the legislative intent of bringing into accord the rules for misdemeanor and summary cases. Finding many parallels between these various rules, the *Schimelfenig* court decided that a broad reading of the rules was proper, leading to the conclusion that Rule 130(d) must be read in conjunction with Rule 150.

One last rationale used by the *Schimelfenig* court, and also raised by appellant in the instant case, is the idea that no conflict exists between Rule 130(d) and Rule 150, as they address different aspects of criminal procedure, and that because both were placed within Chapter 100, they are mutually applicable.

Based upon our court's holding that Pa.R.Crim.P. 130(d) must be considered together with Pa.R.Crim.P. 150, we arrive at the conclusion that the trial court's dismissal of the instant case was improper absent a showing of prejudice to appellee. Therefore, we must reverse the decision of the court below. While, under *Schimelfenig* we would remand to the trial court for a determination of prejudice, this action is not necessary in the instant case because we find the complaint to be timely filed as discussed below.

■ The other issue raised by appellant involves the manner in which the five-day limitations period of Rule 130(d) is calculated. As stated earlier, appellee was released on Tuesday, January 28, 1986 and the complaint was filed on Monday, February 3, 1986. The question at hand is whether the fifth day, which fell on a Sunday, should have been extended to Monday.

Appellant contends that Rule 130(d) should be construed according to 1 Pa.C.S. § 1908, and that if it is so construed,

filing the complaint on February 3rd did not violate Rule 130(d). This question of the applicability of § 1908 to Pa.R.Crim.P. 130(d) was addressed by a three-panel member of this court in *Commonwealth v. Oeler*, 357 Pa.Super. 281, 515 A.2d 977 (1986).

In the *Oeler* case the precise issue was whether the day of release was to be included in the computation of the five-day period of Rule 130(d). In that case the defendant was released on February 23, 1985 and a complaint was filed on February 28, 1985. The trial court, in holding that the complaint was untimely filed, counted the five-day period as February 23, 24, 25, 26 and 27.

In reversing the court below, the Superior Court agreed with the Commonwealth that Section 1908 applies to Rule 130(d). 1 Pa.C.S. § 1908 provides:

### § 1908. Computation of time

When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this tile (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of any such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

In the instant case, it is the provision dealing with Saturdays, Sundays and holidays with which we must concern ourselves; however our reasoning is in accord with that of *Oeler, supra.* According to Pa.R.Crim.P. 2, the Rules of Criminal Procedure are to be "construed ... as nearly as may be in consonance with the rules of Statutory construction." This principle has been applied with regard to the construction of the rules dealing with the calculation of speedy trial run dates. *Commonwealth v. Sanford*, 497 Pa. 442, 441 A.2d 1220 (1982).

While it may be argued that, because of the enactment of Pa.R.Crim.P. 23, Section 1908 does not apply to Rule 130(d),

we cannot agree. Pa.R.Crim.P. 23 provides in pertinent part as follows:

**Rule 23. Continuous Availability and Temporary Assignment of Issuing Authorities**

(a) The president judge of each judicial district shall be responsible for insuring the availability at all times within his judicial district of at least one issuing authority.

. . . . .

The argument then takes the form that, since an issuing authority is available, and there is no need for the involvement of a Prothonotary or other court office, which would be closed on Saturdays, Sundays and holidays, Section 1908 should not apply to these special circumstances. This reasoning ignores the comment to Rule 23 which states, "[t]his rule is intended to impose the responsibility on the president judge to prevent the violation of the rights of defendants caused by the lack of availability of the district justice." As we have already stated, Pa.R.Crim.P. 130(d) must be read together with Pa.R.Crim.P. 150, thus requiring a showing of prejudice prior to dismissing an action. This comports with the legislature's concern with the violation of a defendant's rights and acts as a safeguard to assure that no violation occurs; for if any prejudice/violation is shown, the action will be dismissed.

Additionally, this concern for a defendant's rights is much more valid in those cases where the defendant is under arrest or being detained. In that scenario, untimeliness is more likely to give rise to a prejudicial situation. Such was the case in *Commonwealth v. Segers*, 460 Pa. 149, 331 A.2d 462 (1975) (fifteen hours and ten minutes elapsed between defendant's arrest and his initial inculpatory statement; court said this was unnecessary delay but denied relief because issue was not properly preserved); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974) (defendant was originally unwilling to admit complicity in a homicide until told he had failed a polygraph test approximately twelve hours later, during which time defendant had been subjected to six hours of questioning and lengthy periods of

isolation; Pennsylvania Supreme Court held that defendant's confession should have been suppressed as the product of unnecessary delay between his arrest and arraignment); *Commonwealth v. Johnson*, 458 Pa. 425, 327 A.2d 618 (1974) (fourteen-year-old defendant was arrested in connection with homicide, was given Miranda warnings and denied involvement in the crime. He was interrogated several times, orally admitted complicity and, after speaking with his mother, was given a polygraph test with his mother's consent. Defendant then signed a statement and the court held that his confession should have been suppressed as the product of unnecessary delay between arrest and arraignment); *Commonwealth v. Wilson*, 458 Pa. 285, 327 A.2d 621 (1974); *Commonwealth v. Bradwell*, 231 Pa.Super. 35, 326 A.2d 887 (1974).

Looking at these cases, it is clear to see why Pa.R.Crim.P. 23 is necessary to ensure that situations similar to those cited in the cases above do not become regular occurrences within our criminal justice system. What is less clear is the need for the same stringent safeguards for those who are not under any type of detention. Those defendants who have been released under Pa.R.Crim.P. 130(b) and (c), run a substantially decreased risk of making inculpatory statements or being subjected to lengthy investigations such as would be in violation of their rights.

It should also be noted that the cases in which a violation of rights was found to have occurred all involved defendants who were arrested pursuant to Pa.R.Crim.P. 130(a) which reads as follows:

> (a) Except as provided in paragraphs (b) and (c), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without *unnecessary delay*. (emphasis added)

Thus, no time period was specified, but as usually happens in these cases, arraignment takes place within a matter of hours, not days. *See, Segers, supra; Cherry, supra;*

*Johnson, supra; Wilson, supra;* and *Bradwell, supra.* When working within a time frame of hours, any delay becomes more significant than when a period of five days is permitted for action to be taken, as per Pa.R.Crim.P. 130(d).

· Therefore, we do not feel that by construing Pa.R.Crim.P. 130 according to 1 Pa.C.S. § 1908 we are ignoring or failing to lend credence to any legislative intent behind the enactment of Pa.R.Crim.P. 23. Accordingly, because we now hold that Rule 130(d) is to be construed according to 1 Pa.C.S. § 1908, we agree with appellant in the instant case, that the complaint filed against appellee was not untimely.

Therefore, for the reasons discussed above, we respectfully reverse the decision of the trial court and reinstate the Commonwealth's complaint against appellee.

Order reversed. Complaint reinstated. Jurisdiction relinquished.

OLSZEWSKI, J., concurs with opinion, which was joined by CIRILLO, President Judge, and JOHNSON, J.

TAMILIA, J., dissents with opinion.

OLSZEWSKI, Judge, concurring:

While I agree with the result reached on both issues, I wish to express my view regarding Pa.R.Crim.P. 23. As a rule of criminal procedure, Rule 23 is applicable in every case involving a proceeding before an issuing authority. I believe, however, that Rule 23 is simply not controlling here.

Granted, Rule 23 speaks of the availability of an issuing authority "at all times." As the Court points out, however, the purpose of Rule 23 is "to prevent the violation of the *rights* of defendants caused by the lack of availability of the district justice." In my view, Rule 23 was designed to both prevent overbearing and oppressive police conduct and to ensure that the defendant is given a prompt determination before a judicial officer. *See* Pa.R.Crim.P. 71(c); Pa.R. Crim.P. 122; Pa.R.Crim.P. 130(a). *See also* Pa.R.Crim.P. 22 (power to issue warrants). The evils sought to be avoided

by having a district justice available at all times are simply not at issue when a defendant has been arrested and *released* by the police officer pursuant to Rule 130(b) and (d). In other words, I believe Rule 23 is controlling where the *constitutional* rights of the defendant may be in jeopardy, not where the defendant is released pursuant to the discretionary provision of Rule 130(b).

CIRILLO, President Judge, and JOHNSON, J., joins.

TAMILIA, Judge, dissenting:

Appellant was arrested on January 28, 1986, at approximately 7:30 p.m. for the offenses of driving under the influence and driving on the right side of the roadway. On Monday, February 3, 1986, six (6) days after the arrest, a criminal complaint was filed and a summons issued by the District Magistrate. I respectfully dissent and would affirm the Order of the trial court dismissing the case for failure to file the criminal complaint in a timely fashion.

The Commonwealth contends the criminal complaint was filed in compliance with the requirements of Pa.R.Crim.P. 130(d) as the fifth and final day under Rule 130(d) fell on a Sunday and the court should treat the sixth day (Monday) as the final day for computation purposes.[1] The Commonwealth cites to the statutory Rules of Construction, at 1 Pa.C.S.A. 1901 *et al.*, specifically section 1908, "Computation of time" which reads:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in Section 1909 of this title (relating to publication for successive weeks) and section 1901 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. *Whenever the last day of any such period shall fall on*

---

1. Pa.R.Crim.P. 130(d) provides:

   (d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

*Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from computation.* (Emphasis added.)

The majority did not follow the reasoning suggested by the Commonwealth but rather relied on *Commonwealth v. Schimelfenig, et al.,* 361 Pa.Super. 325, 522 A.2d 605 (1987), wherein the failure to file a criminal complaint within five days of arrest did not mandate dismissal of the case. Arrest and release of the appellee occurred on January 28, 1986. The fifth day for filing under Rule 130(d) fell on Sunday, February 2, 1986, which was a legal holiday, the complaint being filed on Monday, February 3, 1986.

I am in full agreement with the trial court's finding that, unquestionably, there was an on-duty magistrate who could have been contacted by the arresting officer and the summons properly filed within the five-day period. The availability of magistrates at all times is, in fact, recognized by our Supreme Court. In an analogous situation, the case of *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977) requires an accused to be arraigned within six hours of arrest, regardless of the day of the week or the time of day. This requirement presupposes that a magistrate will always be available to conduct arraignments. Likewise, they would be available to receive complaints.

In addition, Pa.R.Crim.P. 23(a) provides that "[t]he president judge of each judicial district shall be responsible for insuring the availability at all times within his judicial district or at least one issuing authority." And as the comment to Rule 23 states, *inter alia,* "[t]his rule is intended to impose the responsibility on the president judge to prevent the violation of the rights of defendants caused by the lack of availability of the district justice."

The Commonwealth's argument, supported by the majority, is that absent a showing of prejudice Rule 130(d) should not be interpreted as mandatory so as to require dismissal of a criminal complaint filed beyond five days. I disagree. Nowhere in the language of 130(d) can prejudice or lack of

it be found to be a consideration in resolving this issue. It is quite clear that Rule 130(d) is not merely directory, but mandatory in its plain meaning that a complaint must be filed within five days of arrest and release. In support of its position, the majority holds that Rule 130(d) must be read in conjunction with Pa.R.Crim.P. 150 which provides:

**Rule 150. Defects in Form, Content, or Procedure— Court Cases**

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

I believe that Rule 150 has no application to Rule 130(d) in view of the clear language of Rule 150 that it applies only to defects in *form* or *content* and *procedures,* none of which have anything to do with timeliness. The mandate of Pa.R.Crim.P. 130(d) is jurisdictional and not procedural and, therefore, its effect cannot be waived nor may it be modified by judicial or other action. With the majority's connotation, any failure to file a complaint in a timely fashion, even after a statute of limitations has run, would be considered correctable if prejudice could not be established. Procedure, as it is expressed in the above rule, can only mean those actions which occur after the timely filing of the complaint. Those matters dealt with in Rule 150 are the elements and matters of substance (content); the shape and structure of the complaint (form); and the series of steps followed in a definite order (procedure). Rule 130(d) deals with time. If the complaint is not presented in time, questions of form, content and procedure are nullities and no amount of amending or reconstruction will serve to rehabilitate the action. With the requirement that a magistrate be available at all times and the unequivocal mandate that the complaint be filed within five days, the necessity that the complaint be filed with due diligence, clearly is superior to a

showing that the defendant is prejudiced by late filing. When the matter is considered in terms of prejudice, there can be no greater prejudice than to be brought to trial and to be subject to criminal sanctions when otherwise one would be free.