429 A.2d 37

COMMONWEALTH of Pennsylvania

v.

Lora A. MATTHEWS, Appellant.

Superior Court of Pennsylvania.

Submitted April 14, 1980.

Filed May 1, 1981.

---

Daniel P. McDyer, Pittsburgh, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

■ Appellant, at the time eight months pregnant, was driving her husband and two small children home after visiting relatives on January 9, 1979. The road conditions

were icy and snow-packed, with a layer of freshly-fallen snow covering the road. At approximately 3 a. m., appellant's vehicle and a vehicle travelling in the opposite direction side-swiped each other. Appellant's vehicle continued to travel an estimated six-tenths of a mile before skidding into a snow embankment.

All of the occupants in appellant's vehicle were transported to a local hospital prior to the arrival of the state police at the scene of the accident. The investigating trooper discovered appellant's driver's license and vehicle registration left behind in her disabled vehicle. Meanwhile, appellant's brother-in-law was directed to the scene of the accident by appellant and her husband to assist the police. Finally, later that night, appellant's husband travelled to the state police headquarters, was questioned by the trooper, and retrieved his wife's purse.

On February 1, 1979, appellant received a summons in the mail charging her with a violation of 75 Pa.C.S.A. § 3743 for failing to stop at the scene of an accident involving damage to an attended vehicle.[1] Appellant was found guilty of said offense on April 30, 1979 after a non-jury trial heard de novo before the Honorable John C. Dillon as an appeal thereto from a conviction by the issuing authority in a summary proceeding. Timely post verdict motions were filed and denied. On June 7, 1979, appellant was fined $300. This appeal followed.

1. 75 Pa.C.S.A. § 3743 states:
Accidents involving damage to attended vehicle or property
(a) General rule. The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
(b) Penalty. Any person violating this section is guilty of a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both.
1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977.

Appellant contends, and we agree, that the statute of limitations had run in this case before appellant was served with the summons.[2] The offense with which appellant was charged constituted a summary offense. 75 Pa.C.S.A. § 3743(b). The time within which prosecution for a summary offense must commence is found in 42 Pa.C.S.A. § 5553. Specifically, §§ 5553(b) and (c) state:

(b) Minor offenses. Except as provided in subsection (c), proceedings for summary offenses under the following provisions of Title 75 shall be instituted within 15 days after the commission of the alleged offense or within 15 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter:

Chapter 31 (relating to general provisions).

Chapter 33 (relating to rules of the road in general).

Chapter 35 (relating to special vehicles and pedestrians).

Subchapters A (relating to offenses in general) and C (relating to accidents and accident reports) of Chapter 37.

(c) Exception. Where proceedings are timely instituted against a person reasonably believed to have committed the offense charged and it subsequently appears that a person other than the person charged is the offender, proceedings may be instituted against the other person within 30 or 15 days, whichever is applicable, after the identity of the person is discovered and not thereafter.[3]

In the facts sub judice, a delay of 23 days between the accident and the filing of the summons worked a fatal defect in the Commonwealth's case.

**2.** Appellant also raises several other issues concerning various alleged procedural defects in the proceedings, and she questions the sufficiency of evidence to support the verdict. However, it is unnecessary for us to address these issues in light of our above disposition of the case.

**3.** 42 Pa.C.S.A. § 5553, Act of April 28, 1978, P.L. 202, No. 53, § 10(65), eff. June 27, 1978, repealing 75 Pa.C.S.A. § 6302 by Act of April 28, 1978, P.L. 202, No. 53, § 13(13), eff. June 27, 1978.

The Commonwealth correctly points out that summary proceedings must be instituted within the fifteen-day period after the discovery of the identity of the offender. However, nowhere does the Commonwealth contend that it only discerned appellant's identity as the driver subsequent to January 17, 1979. Moreover, the trooper was provided with sufficient evidence from the driver's license, vehicle registration, and interview with appellant's husband to have initiated timely proceedings.

▮ This court has had occasion to review procedural rules concerning the institution of summary proceedings under the Vehicle Code. See *Commonwealth v. Shelton*, 260 Pa. Super. 82, 393 A.2d 1022 (1978). In *Shelton*, we noted that:

> "... summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them ..." (citations omitted ... supra, 260 Pa.Super. at 85, 393 A.2d at 1023).

We will require no less than strict adherence to the statutory time period within which summary proceedings must be commenced. With this in mind, we must reject the lower court's argument that the fifteen day time period as promulgated by the legislature is "directory" only, and that the later subsection requiring that "in no event shall any proceedings be held or action taken pursuant to a summary offense under this title subsequent to two years after the commission of the offense" is mandatory.[4] To so hold would render the fifteen-day language mere surplusage. This we refuse to do.

Judgment of sentence reversed and appellant discharged.

4. In advancing this rationale, the lower court erroneously relied upon 75 Pa.C.S.A. § 6302(a), (b), and (c). See footnote 3.