493 A.2d 705

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Catheryn Lee PRESS.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed April 26, 1985.

Reargument Denied July 1, 1985.

508

Ray F. Gricar, Assistant District Attorney, Bellefonte, for Commonwealth, appellant.

Edward S. Blanarik, Jr., Assistant Public Defender, Ambridge, for appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from an order of the Court of Common Pleas of Centre County dismissing the charges against the defendant-appellee, Catheryn Lee Press. On October 7, 1983, the appellee Catheryn Lee Press was arrested and charged with driving under the influence of alcohol or a controlled substance and a summary violation of the Motor Vehicle Code. After routine processing, appellee was released from custody pursuant to Pa.R.Crim.Pro. 130(b). On October 20, 1983, the arresting officer filed a criminal complaint and the district justice issued a summons charging appellee with driving while under the influence and a summary motor vehicle violation. At the preliminary hearing, appellee moved to dismiss the charges, citing a vi 'ation of Pa.R.Crim.Pro. 130(d). The motion was denied and after hearing, appellee was ordered held for court.

After entering a plea of "not guilty", appellee filed an omnibus pre-trial motion which contained, inter alia, a motion to dismiss the charges with prejudice due to the violation of Pa.R.Crim.Pro. 130(d). After hearing on the motion, the Honorable David E. Grine granted the motion and dismissed the charges. The lower court affirmed its prior ruling after rehearing and argument, and the Commonwealth has appealed to this Court.

The Commonwealth raises the following issues on appeal:

1. Is the word "shall" as used in Pa.R.Crim.Pro. 130(d) directory rather than mandatory?

2. Should Rule 130(d) be read in conjunction with Rule 150?

3. Must prejudice be shown before a violation of Rule 130(d) results in a dismissal of the charges?

As to the first issue raised by the Commonwealth, Pa.R. Crim.Pro. 130 provides in pertinent part as follows:

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority ...

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint *shall* be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110. [Emphasis ours]

The word "shall" contained in the first sentence of Pa.R.Crim.Pro. 130(d) is couched in mandatory terms and the only sanction available is the dismissal of the charges against the defendant. The failure to file a criminal complaint within the time limitation prescribed by Pa.R.Crim. Pro. 130(d) is not a procedural defect such as to be governed by Pa.R.Crim.Pro. 150. Therefore, appellee was not required to show actual prejudice before the information against her could be dismissed.

Order affirmed.

POPOVICH, J., dissents.