498 A.2d 925

**COMMONWEALTH of Pennsylvania**

**v.**

**Monroe C. HATCHER, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Sept. 13, 1985.

Arthur K. Dils, Harrisburg, for appellant.

Howard P. Stewart, Assistant Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

CERCONE, Judge:

Appellant was convicted of driving under the influence of alcohol (DUI). In this appeal from the judgment of sentence entered against appellant he raises the following issue:[1] whether the Commonwealth violated Pa.R.Crim.P. 130(d)[2] when it failed to establish a *prima facie* case

---

1. Because of our disposition of this issue we need not address appellant's remaining issues on appeal. The issues are: (1) whether the provision of 75 Pa.C.S.A. § 3731(a)(1–4) are constitutional; (2) whether the Commonwealth used proper procedure in introducing into evidence the results of appellant's breathalyzer test.

2. **Rule 130. Procedure in Court Cases Initiated by Arrest Without Warrant**

   (a) Except as provided in paragraphs (b) and (c), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.

   (b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

   (c) The Court of Common Pleas of any judicial district may elect, by local rule, to authorize a procedure whereby an arresting officer, when the officer deems it appropriate, may promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:

   (1) the most serious offense charged is a misdemeanor of the second degree;
   (2) the defendant is a resident of the Commonwealth;
   (3) the defendant poses no threat of immediate physical harm to any other person or to himself or herself;
   (4) the arresting officer has reasonable grounds to believe that the defendant will appear as required; and
   (5) the defendant does not demand to be taken before an issuing authority.

   (d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of

against appellant at his preliminary hearing and subsequently refiled the charges, the filing of which was beyond the five day limit of Rule 130(d).

On September 8, 1983 appellant was arrested without a warrant for driving under the influence of alcohol; appellant was released from custody. A criminal complaint was issued on September 9, 1983, after which a preliminary hearing was held on October 27, 1983. The magistrate dismissed the charges against appellant for lack of a *prima facie* case when the arresting officer failed to identify appellant as the operator of the vehicle that she had stopped. Subsequently, on November 4, 1983, the Commonwealth refiled D.U.I. charges, arising out of the same episode, against appellant. At the second preliminary hearing the case was held for court. On March 1, 1984 appellant filed a "Motion to Dismiss" on the grounds that his rearrest on November 4, 1983 violated the above referred to Pa.R.Crim.P. 130. The motion was denied and at a bench trial appellant was found guilty of driving under the influence and sentenced to ninety days to twelve months incarceration.

The issue in this case is one of first impression for we are asked to decide whether the dismissal of charges at a preliminary hearing precludes rearrest and subsequent prosecution when the second arrest occurs after the five day period for filing charges pursuant to Rule 130(d) Pa.R. Crim.P. pertaining to arrest without warrant. We find that it does and reverse the lower court.

■ Recent decisions of our court have held that Rule 130(d) unequivocally establishes five days from the date of a defendant's release as the time within which charges must be lodged against a defendant. The sanction for the Commonwealth's violation of the five day deadline is dismissal of the charges unless the Commonwealth can show due diligence in the face of the violation. *Commonwealth v.*

the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

*Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985); *Commonwealth v. Press,* 342 Pa.Super. 507, 493 A.2d 705 (1985). In *Press* and *Revtai* our court addressed a factual episode in which the defendant was arrested, charged with D.U.I. and released from custody. Subsequently, the Commonwealth filed a criminal complaint beyond the five day period of Rule 130 the consequences of which was the lower court's dismissal of the charges. We affirmed in those two cases. In the case at bar the fact pattern differs in that the Commonwealth timely filed D.U.I. charges against appellant in accordance with Rule 130(d), which charges were dismissed and a second charge filed beyond the five day period in violation of the rule.

It is axiomatic that an accused may be rearrested and prosecuted despite the dismissal of charges at a preliminary hearing stage so long as the charge is brought within the statutory limitation period for a particular crime. *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981); *Commonwealth v. McClain,* 325 Pa.Super. 29, 472 A.2d 630 (1984). Rigorous compliance with time limitations was confirmed in *Commonwealth v. Matthews,* 286 Pa.Super. 474, 429 A.2d 37 (1981), where our court reviewed the issue of whether, in the provision of the Vehicle Code which required the Commonwealth to institute charges within fifteen days of an alleged summary offense or within fifteen days after discovery of the commission of the offense or the identity of the offender, the time constraint is merely "directory" or whether it is mandatory. The court opined that:

> We will require no less than strict adherence to the statutory time period within which summary proceedings must be commenced. With this in mind, we must reject the lower court's argument that the fifteen day time period as promulgated by the legislature is "directory" only, and that the later subsection requiring that "in no event shall any proceedings be held or action taken pursuant to a summary offense under this title subsequent to two years after the commission of the offense" is manda-

tory. To so hold would render the fifteen-day language mere surplusage. This we refuse to do.

*Id.*, 286 Pa.Superior Ct. at 478, 429 A.2d at 39.

■ We are aware that there are times when delay is inevitable thus excusing strict compliance with time limits. However, in situations where our courts allow reasonable delay, it is the Commonwealth which bears the burden of justifying the delay. *Revtai, supra. See,* Rule 1100(c), Pa.R.Crim.P., (Commonwealth must show due diligence in efforts to avoid delay in bringing defendant to trial); Rule 303, Pa.R.Crim.P., (Commonwealth must show cause for delay in arraignments); *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977) (Unnecessary pre-arraignment delay). *Commonwealth v. Matthews, supra,* (delay of twenty-three days between accident and summons worked a fatal defect in the Commonwealth's case); *Commonwealth v. Larson,* 299 Pa.Super. 252, 445 A.2d 550 (1982) (Commonwealth did not show diligence where officer was aware of identity of defendant and did not file within the statutory period for summary offenses).

■ In this appeal the Commonwealth, by its own dereliction, failed to establish a *prima facie* case against appellant at the first preliminary hearing when it did not offer testimony of the arresting officer identifying appellant as the person operating his car while under the influence of alcohol. Therefore, the Commonwealth did not meet its burden of justifying the delay which brought about the violation of Rule 130(d).

In view of the foregoing it is clear that Rule 130(d) requires strict compliance. A careful review of the record has not revealed any plausible explanation for the Commonwealth's error in failing to establish a *prima facie* case against appellant at the first preliminary hearing. Our decision today again emphasizes an individual's right to be free from unreasonable delays in the criminal process. We can foresee situations where the Commonwealth could repeatedly refile charges against a defendant if it erred in establishing its case at preliminary hearings. Rule 130(d)

establishes a time limit within which the Commonwealth must file supportable charges in a D.U.I. case where the defendant is released from custody before the charges are filed.

Judgment of sentence reversed and appellant discharged.