## Commonwealth v. Hans

*James A. Zurick, assistant district attorney,* for the Commonwealth.

*Robert J. Muolo,* for defendant.

ROSINI, *J.,* June 18, 1986—Petitioner was arrested on January 30, 1986, without a warrant, for driving under the influence of alcohol and driving on roadways laned for traffic. Defendant was initially given a number of field sobriety tests and then transported to Evangelical Hospital, Lewisburg, Pa., for the purpose of blood tests.

Subsequent to the blood tests, defendant was released pursuant to Pa.R.Crim.P. 130(b). A criminal complaint was filed February 5, 1986, six days after defendant's release.

Defendant waived preliminary hearing on February 27, 1986, and the matter was referred to court. An information was filed April 2, 1986, charging defendant with driving under the influence of alcohol (two counts) and driving on roadways laned for traffic. Defendant filed a motion to dismiss on April 3, 1986, alleging violation of Pa.R.Crim.P. 130(d).

The motion was heard April 15, 1986, before visiting Judge Grant Wessner prior to this court taking office, at which hearing the Commonwealth elected to produce no testimony. Subsequent to the court taking office, rehearing was scheduled for June 12, 1986, at which time the Commonwealth presented testimony from the arresting officer to the effect that the delay was attributed to the fact that the hospital did not request his name and address resulting in the hospital's failure to notify him of the results. He called the hospital on February 5, 1986, received the results and filed the complaint.

Recent decisions of the Pa. Superior Court have held that Rule 130(d) unequivocally establishes five days from the date of defendant's release as the time within which charges must be lodged against defendant. The sanction for the Commonwealth's violation of the five-day deadline is dismissal of the charges unless the Commonwealth can show due diligence in the face of the violation. Commonwealth v. Retai, 343 Pa. Super. 149, 494 A.2d 399 (1985); Commonwealth v. Press, 342 Pa. Super. 507, 493 A.2d 705 (1985).

The Commonwealth relies on Commonwealth v. Hatcher, 345 Pa. Super. 481, 498 A.2d 925 (1985), for the proposition that an exception exists to the rule where the Commonwealth can show that the delay was inevitable. This court agrees that as in the case of most criminal rules establishing time peri-

ods, certain inevitable delays can be excused if the Commonwealth can establish due diligence. Therefore, it is necessary to consider each case on its own merits.

In the instant case, the sole reason presented for the failure to file the complaint within five days was the failure of the trooper to advise the hospital where to forward the results and his failure to contact the hospital within the five days to determine the results, or to file a complaint within the five days based upon his observations and experience.

The Commonwealth also argues in its brief that defendant's failure to raise the issue at the preliminary hearing prevented the Commonwealth from establishing the exceptional circumstances required by Hatcher, supra. Since the Commonwealth had opportunities on both April 15, 1986 and June 12, 1986 to produce testimony or other evidence, we feel this argument is without merit.

In view of the foregoing, and based on the principle that a lower court cannot ignore the latest decision of the Superior Court unless and until it is overruled, it is clear that Rule 130(d) requires strict compliance. A careful review has not revealed any "inevitable" reason for failure to file the complaint within the restrictions of the rule.

Accordingly, we enter the following

### ORDER

And now, June 18, 1986, the court grants defendant's motion and the charges against defendant are hereby dismissed.