## Commonwealth v. Irvin

*Mary Ann Conway,* district attorney for Commonwealth.

*Thomas J. Pellish,* for defendant.

RUBRIGHT, *J.,* November 7, 1986—This matter is presently before the court on defendant's omnibus pre-trial motion in which he seeks to have the information quashed due to the alleged failure of the arresting officer to file the criminal complaint within five days of the Defendant's release as mandated by Pa.R.Crim.P. 130(d). A hearing was held on Thursday, October 30, 1986, and the matter is now ripe for disposition.

## FINDINGS OF FACT

1. On May 10, 1986, at approximately 8:30 p.m., defendant was involved in a two vehicle accident on Pennsylvania Route 924, south of Shenandoah.

2. Following the accident, defendant and the other injured persons were transported to St. Joseph's Satellite Center in Shenandoah for treatment.

3. After a brief investigation at the scene of the accident, Trooper Daniel Murray of the Pennsylvania State Police proceeded to the Satellite Center where he spoke with defendant.

4. Defendant, whose breath smelled of alcohol, explained to Trooper Murray that he must have fallen asleep at the wheel.

5. After speaking to defendant, Trooper Murray requested Dr. Folweiler, who had already drawn blood from defendant, to supply him with the results of the blood test.

6. On May 23, 1986, Trooper Murray received the results of the blood test, which indicated the defen-

dant's blood alcohol content after the accident was .21 percent.

7. Trooper Murray filed a criminal complaint on May 23, 1986, charging defendant with driving under the influence of alcohol on May 10, 1986.

## DISCUSSION

Defendant argues that the information must be quashed because the criminal complaint was not filed within five days of his release in accordance with Pa.R.Crim.P. 130(d). He contends that the fact that blood was withdrawn at the Satellite Center constitutes an arrest and, therefore, the complaint should have been filed no later than May 15, 1986. We disagree.

Pennsylvania Rule of Criminal Procedure 130 provides in pertinent part that:

"(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol . . . the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority. . .

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release."

In Commonwealth v. Press, 342 Pa. Super. 507, 493 A.2d 705 (1985), it was held that a failure to file the criminal complaint within the time prescribed by Rule 130(d) must result in dismissal of the charges. See also Commonwealth v. Revtai, 343 Pa. Super. 149, 494 A.2d 399 (1985).

However, in order for Rule 130(d) to become operative, there must be an arrest and release pursuant to Rule 130(b). The test for the occurrence of an

arrest has been defined as "the happening of any act that indicates an intention to take the individual into custody and subjects him to the actual control and will of the person making the arrest . . . The question is viewed in light of the reasonable impression conveyed to the person subjected to the seizure rather than in terms of the subjective view of the police officer." Commonwealth v. Benson, 280 Pa. Super. 20, 27, 421 A.2d 383, 386 (1980).

At the hearing on this matter, Trooper Murray testified unequivocally that he did not arrest defendant on the date of the accident. He merely questioned defendant during his investigation of the accident and requested the physician who had already drawn blood from defendant to supply him with the results. Defendant has pointed to no action on the part of Trooper Murray which would lead a reasonable person to believe that the Trooper intended to take him into custody at that time. Under the evidence presented, we cannot find that defendant was arrested on the date of the accident.

Although not dispositive of the issue, we have found further support for our finding in the Transcript of the District Justice. The space on the transcript which is entitled "date of arrest" is blank and the spaces providing for the date of the filing of the complaint and the date of the issuance of the Summons read May 23, 1986 and May 27, 1986, respectively. In view of these facts, and the testimony of Trooper Murray, we must find that the criminal proceedings against defendant were instituted with the filing of the criminal complaint on May 23, 1986, and not by arrest without a warrant on May 10, 1986. Therefore, there was no violation of Pa.R.Crim.P. 130(d) and the Information will not be quashed.

## CONCLUSIONS OF LAW

1. Defendant was not arrested on May 10, 1986.

2. Criminal proceedings were instituted against defendant by the filing of a criminal complaint on May 23, 1986.

3. The filing of the criminal complaint on May 23, 1986 was not in violation of Pa.R.Crim.P. 130(d).

Accordingly, we enter the following

## ORDER OF THE COURT

And now, this November 7, 1986, upon careful consideration of the evidence, it is hereby ordered that defendant's omnibus pre-trial motion is denied and dismissed.