532 A.2d 1

COMMONWEALTH of Pennsylvania, Appellant,

v.

Andrew REVTAI, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Dennis Allen BRIGGS, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Alan Keith SEEGER, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Cathryn Lee PRESS, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Monroe C. HATCHER, Sr., Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Michael T. McCONVILLE, Appellee.

Supreme Court of Pennsylvania.

Argued March 12, 1987.

Decided Oct. 15, 1987.

54

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellant in No. 5 W.D. Appeal Docket 1986 and No. 48 W.D. Appeal Docket 1986.

Ray F. Gricar, Dist. Attorney's Office, Bellefonte, for appellant in No. 5 M.D. Appeal Docket 1986 and No. 6 M.D. Appeal Docket 1986.

Richard A. Lewis, Dist. Atty., David E. Hershey, Asst. Dist. Atty., Katherene E. Holtzinger-Conner, Yvonne A. Okonieski, Deputy Dist. Attys., Harrisburg, for appellant in No. 27 M.D. Appeal Docket 1986.

William H. Platt, Dist. Atty., Allentown, for appellant in No. 1 E.D. Appeal Docket 1987.

Gregory P. Voci, Asst. Dist. Atty., Norristown, for amicus curiae in No. 5 W.D. Appeal Docket 1986.

Joseph S. Mistick, William R. Sittig, Jr., Pittsburgh, for Andrew Revtai in No. 5 W.D. Appeal Docket 1986.

Martin M. Scoratow, Lyn C. Ackerman, Pittsburgh, for Dennis Allen Briggs in No. 48 W.D. Appeal Docket 1986.

Kimberly Hamilton, Edward S. Blanarik, Bellefonte, for Alan Keith Seeger and Cathryn Lee Press in No. 5 M.D. Appeal Docket 1986 and No. 6 M.D. Appeal Docket 1986.

Arthur K. Dils, Francis A. Zulli, Harrisburg, for Monroe C. Hatcher, Sr., in No. 27 M.D. Appeal Docket 1986.

David Smith, Bethlehem, for Michael T. McConville in No. 1 E.D. Appeal Docket 1987.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

These cases were consolidated in order to address a common issue, to wit: whether a violation of Rule 130(d) of the Pennsylvania Rules of Criminal Procedure mandates immediate dismissal of a criminal complaint without inquiry into the prejudice suffered by the defendant. The germane facts of these cases are set out below.

### I

### No. 5 W.D. Appeal Docket 1986

Appellee, Andrew Revtai, was arrested by an officer of the McKees Rocks Police Department on May 25, 1983, and charged with drunk driving. After a breathalyzer test was administered, which showed a .23% blood-alcohol level, appellee was released without arraignment pursuant to Pa.R. Crim.P. 130(b). According to Pa.R.Crim.P. 130(d) a criminal complaint was required to be filed within five (5) days of the defendant's release. In this instance the fifth day fell on a holiday, Memorial Day, which that year was Monday, May 30, 1983. As a consequence the courts were closed. On May 31, 1983, a criminal complaint was filed.

On June 21, 1983, a preliminary hearing was held before a district justice. At that time appellant requested that the charges be dismissed on the basis of the Commonwealth's

noncompliance with Rule 130(d). Appellee's request was denied and he was held for further court action.

On August 9, 1983, the Commonwealth filed a criminal information with the Court of Common Pleas of Allegheny County, charging appellee with driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731. On August 18, 1983, appellee filed a "Motion for Writ of Habeas Corpus," alleging a violation of his rights due to the Commonwealth's noncompliance with Rule 130(d). On August 24, 1983, a hearing was held before the Honorable Robert E. Dauer, who ultimately granted the motion.

On appeal the Superior Court affirmed Judge Dauer's order.[1] Thereupon the Commonwealth sought allowance of appeal, which was granted.

### No. 48 W.D. Appeal Docket 1986

Appellee, Dennis Allen Briggs, was arrested by an officer of the Wilkinsburg Police Department on May 5, 1984, and charged with drunk driving and running a red light. After two breathalyzer tests were administered, which showed readings of .186% and .216% blood-alcohol levels, appellee was released without arraignment pursuant to Pa.R.Crim.P. 130(b). On May 21, 1984, a criminal complaint was filed.

It appears from the record that a preliminary hearing was scheduled for June 26, 1984, but appellee did not challenge the complaint at that time.

On July 30, 1984, the Commonwealth filed a criminal information in the Court of Common Pleas of Allegheny County, charging appellee with driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731, and running a red light, 75 Pa.C.S. § 3112(a)(3). On August 24, 1984, appellee filed a motion to quash this information based on the Commonwealth's noncompliance with Rule 130(d). On October 11, 1984, after a hearing, the Honorable Bernard L. McGinley granted the motion to quash.

1. *Commonwealth v. Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985).

On appeal the Superior Court affirmed Judge McGinley's order.[2] Thereupon the Commonwealth sought allowance of appeal, which was granted.

No. 5 M.D. Appeal Docket 1986

Appellee, Alan Keith Seeger, was arrested by an officer of the Patton Township Police Department on December 21, 1983, and charged with drunk driving and two summary offenses. The officer transported appellee to the township police station. Once there appellee started acting strangely, clutching his head, banging it against the plastic partition in the police car, groaning and screaming. Appellee was unresponsive to questions. The officer transported appellee to Centre Community Hospital where appellee's strange behavior continued. As a result of appellee's condition the officer chose not to process him, allowing him to be released under Pa.R.Crim.P. 130(b).

The police officer was aware of the five (5) day rule provided in Rule 130(d), but believed that legal holidays were excluded. In this case the fifth day, Monday, December 26, 1983, was a legal holiday because Christmas in that year fell on a Sunday. The officer then attempted to file the complaint against appellee on December 27, 1983. He arrived during normal business hours, at 3:00 P.M., only to find the office had closed early due to a severe snow storm which had struck the area. The officer finally filed the complaint on December 30, 1983.

On February 1, 1984, a preliminary hearing was held. At that time appellee requested that the charges be dismissed on the basis of the Commonwealth's noncompliance with Rule 130(d). Appellee's request was denied and he was held for further court action.

On February 14, 1984, the Commonwealth filed a criminal information in the Court of Common Pleas of Centre County, charging appellee with driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731, and two summary offenses. On March 13, 1984, appellee filed an

2. *Commonwealth v. Briggs*, 349 Pa.Super. 612, 503 A.2d 45 (1985).

Omnibus Pre-Trial Motion which contained a motion to dismiss alleging a violation of Rule 130. On March 30, 1984, a hearing was held before the Honorable Charles C. Brown, Jr., P.J., who ultimately granted the motion to dismiss.

On appeal the Superior Court affirmed Judge Brown's order [3]. Thereupon the Commonwealth sought allowance of appeal, which was granted.

## No. 6 M.D. Appeal Docket 1986

Appellee, Cathryn Lee Press, was arrested by an officer of the State College Bureau of Police Services on October 7, 1983, and charged with drunk driving and a summary stop sign violation. She was released the same day pursuant to Pa.R.Crim.P. 130(b). On October 20, 1983, a criminal complaint was filed.

On November 16, 1983, a preliminary hearing was held. At that time appellee requested that the charges be dismissed on the basis of the Commonwealth's noncompliance with Rule 130(d). Appellee's request was denied and she was held for further court action.

On December 13, 1983, the Commonwealth filed a criminal information in the Court of Common Pleas of Centre County, charging appellee with driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731, and a stop sign violation, 75 Pa.C.S. § 3323. On January 6, 1984, appellee filed an Omnibus Pre-Trial Motion, which contained a motion to dismiss alleging a violation of Rule 130. On January 24, 1984, a hearing was held before the Honorable David E. Grimes, who ultimately granted the motion to dismiss.

On appeal the Superior Court affirmed Judge Grimes' order.[4] Thereupon the Commonwealth sought allowance of appeal, which was granted.

3. *Commonwealth v. Seeger,* 349 Pa.Super. 620, 503 A.2d 51 (1985).
4. *Commonwealth v. Press,* 342 Pa.Super. 507, 493 A.2d 705 (1985).

No. 27 M.D. Appeal Docket 1986

Appellee Monroe C. Hatcher, Sr. was arrested by an officer of the Susquehanna Township Police Department on September 8, 1983, and charged with drunk driving. After a breathalyzer test was administered, which showed a .23% blood-alcohol level, appellee was released without arraignment pursuant to Pa.R.Crim.P. 130(b). A criminal complaint was filed within the five day period prescribed by Rule 130(d). However, at appellee's preliminary hearing, which took place on October 27, 1983, the arresting officer failed to identify the appellee as the operator of the vehicle, and the charge was dismissed.

Thereafter, on November 4, 1983, appellee was re-arrested and a complaint was filed charging driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731. The preliminary hearing on this complaint was held on December 20, 1983, at which time appellee was held for court.

On March 1, 1984, appellee filed a Motion to Dismiss on the grounds that his re-arrest violated Pa.R.Crim.P. 130. The motion was denied. Appellee was ultimately found guilty in a bench trial. Post-trial motions were denied and appellee was sentenced to ninety days to twelve months incarceration.

On appeal the Superior Court, relying in part on its own precedents established in *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), and *Commonwealth v. Press*, 342 Pa.Super. 507, 493 A.2d 705 (1985), reversed.[5] In reversing, the court held that "Rule 130(d) establishes a time limit within which the Commonwealth must file *supportable* charges in a D.U.I. case where the defendant is released from custody before the charges are filed." *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 487, 498 A.2d 925, 928 (1985) (emphasis added).

From the Superior Court's order the Commonwealth sought allowance of appeal, which was granted.

5. *Commonwealth v. Hatcher,* 345 Pa.Super. 481, 498 A.2d 925 (1985).

No. 1 E.D. Appeal Docket 1987

Appellee, Michael McConville, was arrested by an officer of the Allentown Police Department on November 21, 1984, and charged with drunk driving. On that same day appellee was released without arraignment pursuant to Pa.R. Crim.P. 130(b). On December 4, 1984, a criminal complaint was filed with the district justice.

A preliminary hearing was scheduled, at which time appellee appeared *pro se* and waived the preliminary hearing. No objection to the late filing of the criminal complaint was raised at that time.

On March 27, 1985, the Commonwealth filed a criminal information in the Court of Common Pleas of Lehigh County, charging the appellee with two counts of driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731. On June 7, 1985, appellee filed a pre-trial motion to dismiss, alleging a violation of Pa.R.Crim.P. 130. On June 24, 1985, a hearing was held before the Honorable James N. Diefenderfer, who ultimately granted the motion to dismiss.

On appeal the Superior Court affirmed Judge Diefenderfer's order.[6] Thereupon, the Commonwealth sought allowance of appeal which was granted.

## II

In relevant part Pa.R.Crim.P. 130 provides:

Rule 130.   Procedure in Court Cases Initiated by Arrest Without Warrant

(a) Except as provided in paragraphs (b) and (c), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he

6.   *Commonwealth v. McConville,* 356 Pa.Super. 589, 512 A.2d 52 (1986).

deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

. . . . .

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

In drafting this version of Rule 130 [7], the Rules Committee considered the following:

Drunk driving offenses comprise an extremely large percentage of warrantless arrests and among the benefits usually noted by those advocating an amendment to the existing prompt preliminary arraignment procedure are that it should: (1) eliminate the necessity for holding these preliminary arraignments at what are often late hours, thereby greatly reducing a burdensome aspect of a district justice's workload; (2) avoid the possibility of prejudice at the subsequent preliminary hearing which might occur if the district justice observes the defendant drunk at the preliminary arraignment; (3) enable the police officer to return to duty more quickly (in some geographical areas that officer may be the only police officer on patrol at that time); and (4) benefit the defendant who, in any event, may be so thoroughly intoxicated as to be unable to understand the proceedings, or conversely detained until he is sober.

Report of Rules Committee, *Pennsylvania Bulletin*, Vol. 9, No. 28, Saturday, July 14, 1979, p. 2326.

This rule was promulgated in its present form to achieve, among other things, the dual purposes of easing the administrative burdens placed on the system by drunk driving arrests while at the same time providing drunk drivers the opportunity for immediate release. The overriding concern of the rule was to use limited resources economically, as

7. Pennsylvania Rule of Criminal Procedure 130 has undergone substantial revision since its original publication as Rule 118 in 1964.

well as to accord the defendant some opportunity to prepare for his prosecution. Therefore, in analyzing the proper remedy to be afforded to a defendant whose prosecution has run afoul of the strictures of the rule, we must bear in mind the remedial purposes it was intended to serve.

Before proceeding further we wish to emphasize that in the recent case of *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), this Court ruled that automatic exclusion or suppression of evidence was not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning search and seizure. We held that "[I]t is only where the violation also implicates fundamental, constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy." *Id.*, 507 Pa. at 406–407, 490 A.2d at 426 (emphasis in original).

The rationale expressed in *Mason* applies with equal force to situations like the present where the defendant seeks the termination of a prosecution based on a technical violation of a rule which does not implicate constitutional safeguards. On this basis alone we could overrule the lower courts' imposition of such a drastic remedy for such a minor violation. However, there is a more fundamental reason for overruling their decisions, and that is the misapplication of the express Rules of Criminal Procedure by the courts below.

Pennsylvania Rule of Criminal Procedure 2 provides: Purpose and Construction

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and *as nearly as may be in consonance with the rules of statutory construction.*

Pa.R.Crim.P. 2 (emphasis added). The Statutory Construction Act [8] spells out those rules of construction. One of the

**8.** Act of December 6, 1972, No. 290 § 3.

most fundamental rules is that "[E]very statute shall be construed, if possible to give effect to all its provisions." 1 Pa.C.S. § 1921(a). Stated differently, sections of statutes are not to be isolated from the context in which they arise such that an individual interpretation is accorded one section which does not take into account the related sections of the same statute. Statutes do not exist sentence by sentence. Their sections and sentences comprise a composite of their stated purpose. All sections and sentences that address that purpose are subsumed in each other and in the entire context of the statute.

A similar analysis is appropriate when considering a coordinate body of rules which has as its purpose the government of "criminal proceedings in all courts" of Pennsylvania, Pa.R.Crim.P. 1. Thus a rule is not to be construed in a vacuum, especially where, in a situation like the present, the interrelationship of rules is apparent.

Rule 130, as is obvious from its numeration, is part of Chapter 100 of the Rules of Criminal Procedure. That chapter governs "Procedure in Court Cases." It sets out in great detail the procedures to be followed in instituting all criminal proceedings. As part of this chapter the drafters wisely included a miscellaneous provision which addressed the situation where an error occurs in the prosecution of a defendant. That section provides as follows:

Defects in Form, Content, or Procedure—Court Cases.

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 150.

This Rule clearly eschews the application of *per se* remedies for technical violations, and demands a showing of prejudice by the defendant before a dismissal of prosecution is warranted.

In *Commonwealth v. Press, supra,* the Superior Court perfunctorily dismissed this resolution by stating, *without analysis or citation,* "[T]he failure to file a criminal complaint within the time limitation prescribed by Pa.R.Crim. Pro. 130(d) is not a procedural defect such as to be governed by Pa.R.Crim.Pro. 150." *Id.,* 342 Pa.Superior Ct. at 510, 493 A.2d at 706. In *Commonwealth v. Revtai, supra,* the Superior Court also chose to forego the application of Rule 150. In subsequent cases such as those consolidated here, the Superior Court merely applied the rule of law developed in *Press,* and *Revtai.*

We cannot state strongly enough our disapproval of the Superior Court's disposition of these cases and with the faulty logic of the opinions in *Press* and *Revtai.* We are heartened however to see that the Superior Court itself has recognized the error of these decisions and has completely repudiated the positions espoused in these cases, *Commonwealth v. Schimelfenig,* 361 Pa.Super. 325, 522 A.2d 605 (1987); and under the circumstances we think it appropriate to reproduce the reasoning of that opinion's author, the able and learned Judge Peter Paul Olszewski.

"[1] In each of the fifteen cases before this Court, the Commonwealth does not contest the fact that the complaints were filed beyond the five-day time limitation of Rule 130(d). Faced with a similar circumstance, the *Press* court concluded that dismissal of the charges was required ostensibly because the word 'shall' contained in Rule 130(d) was to be given mandatory effect. *Press,* 342 Pa.Super. at 510, 493 A.2d at 706. We find that the reasoning in *Press* is flawed. Decisions both prior and subsequent to the effective date of Rule 130(d) have held that similar rules of procedure, containing the same 'mandatory' language, should not be enforced with dismissal of charges in the absence of prejudice to the defendant. *See Commonwealth v. Young,* 318 Pa.Super. 538, 544, 465 A.2d 684, 687 (1983) (Pa.R.Crim.P. 130(a); no discharge where defendant failed to show prejudice by delay in arraignment); *Commonwealth v. Tavianini,* 315 Pa.Super. 434, 462 A.2d 272 (1983)

(former Pa.R.Crim.P. 55; dismissal unwarranted for failure to fix trial date within time limitations); *Commonwealth v. Lee*, 294 Pa.Super. 495, 440 A.2d 574 (1982) (former Pa.R. Crim.P. 62; absent showing of prejudice, no dismissal for delay between time of arraignment and trial); *Commonwealth v. Andrews*, 285 Pa.Super. 100, 103–104, 426 A.2d 1160, 1162 (1981) (Pa.R.Crim.P. 303; no discharge for delay between the filing of information and arraignment absent showing of prejudice); *Commonwealth v. Brogan*, 270 Pa. Super. 197, 200, 201, 411 A.2d 248, 249 (1979) (former Pa.R.Crim.P. 57; absent showing of prejudice, discharge not mandated for delay in setting date for trial); *Commonwealth v. DeCosey*, 246 Pa.Super. 412, 371 A.2d 905 (1977) (discharge not warranted for delay in conducting preliminary hearing where defendant was not incarcerated, failed to timely object and failed to show prejudice). *See also Commonwealth v. Maxwell*, 329 Pa.Super. 409, 413, 478 A.2d 854, 855–856 (1984) (defendant must show prejudice by delay between time of incident and arrest to support claim of due process violation). Even a violation of the judicially created six-hour rule for preliminary arraignments, designed to enforce what is now Pa.R.Crim.P. 130(a), will not be remedied with a dismissal. *See Commonwealth v. Devan*, 338 Pa.Super. 95, 487 A.2d 869 (1985); *Commonwealth v. Gregory*, 309 Pa.Super. 529, 536, 455 A.2d 1210, 1213 (1983); *Commonwealth v. Beatty*, 281 Pa.Super. 85, 90–91, 421 A.2d 1159, 1162 (1980); *Commonwealth v. Hailey*, 470 Pa. 488, 508–509, 368 A.2d 1261, 1271–1272 (1977). To construe the language of Rule 130(d), as the Court did in *Press*, is to ignore years of precedent which cannot be so hastily disregarded.

"Further support for the directory, not mandatory, effect of Rule 130(d) is found in the history of Rules of Criminal Procedure. The *Revtai* court quoted from the Committee Report to amended Rule 130 in support of the conclusion that '(t)he rule unequivocally establishes five days from the date of a defendant's release as a time limitation for the issuance of a criminal complaint.' *Revtai*, 343 Pa.Super. at 153, 494 A.2d at 401, *citing,* Report of the Criminal Proce-

dural Rules Committee, 'Discussion of Proposed Amendments, New Pa.R.Crim.P. 130(d),' *Pennsylvania Bulletin*, Vol. 11, No. 5, at 497 (Jan. 31, 1981). Although an isolated reading of the history of Rule 130 appears to support the *Revtai* holding, a contrary result is reached after a more extensive review of amended Rule 130, and the Committee Reports accompanying the amendments to that Rule. Indeed, Rule 130(d) has had a profound effect throughout the Criminal Procedure.

"Prior to 1979, Rule 130 merely provided for a prompt preliminary arraignment in a court case initiated by a warrantless arrest. In that year, the Committee proposed an amendment to Rule 130 which would exempt drunk driving cases from the requirement that a prompt arraignment be held. Consequently, Rule 130(b), which states as follows, was added:

"(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substance, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority. *In such event, a complaint shall be filed against the defendant* and the case shall thereafter proceed as provided in Rules 102 and 110.

"Pa.R.Crim.P. 130(b), amended December 14, 1979, effective April 1, 1980 (emphasis added), *reprinted in Pennsylvania Bulletin*, Vol. 9, No. 28, at 2326 (July 14, 1979).* The proposed amendment failed to provide a time limitation for the filing of a complaint; indeed, nothing in the comments or committee report indicates that the matter was of concern. Rather, the focus of the report was directed toward four identified benefits in permitting the 'prompt release' of a drunk driving defendant:

"(1) eliminate the necessity for holding these preliminary arraignments at what are often late hours, thereby greatly reducing a burdensome aspect of a district justice's workload; (2) avoid the possibility of prejudice at

---

* Footnote omitted.

the subsequent preliminary hearing which might occur if the district justice observes the defendant drunk at the preliminary arraignment; (3) enable the police officer to return to patrol duty more quickly (in some geographical areas that officer may be the only police officer on patrol at that time); and (4) benefit the defendant who, in any event, may be so thoroughly intoxicated as to be unable to understand the proceedings, or conversely, detained in jail for hours until sober.

"*Id.*

"In 1981, a significant modification to Rule 130 was proposed. Because of the favorable response to the 'drunk driver exception' of Rule 130(b), it was proposed that Rule 130(c) be expanded to encompass court cases in which a misdemeanor, not just drunk driving, was charged. Report of Procedural Rules Committee, 'Discussion of Proposed Amendments, New Pa.R.Crim.P. 130(c),' *Pennsylvania Bulletin*, Vol. 11, No. 5, at 496 (Jan. 31, 1981). Further, Section (d) as it appears today, was proposed because

"(t)he Committee was concerned, however, that ... (Pa.R.Crim.P. 130(b) was) not entirely clear ... that a complaint must be filed promptly after a defendant is released that a summons, not an arrest warrant, shall then be issued. (Pa.R.Crim.P. 102 provides for the issuance of a summons or an arrest warrant depending upon various circumstance set forth in that rule.) To avoid misinterpretation, the Committee agreed that a specific time period should be established for filing of a complaint and that issuance of a summons rather than an arrest warrant should be specifically required. It also agreed that those clarifications should be applicable both to 'drunk driving' cases under present paragraph (b) and to other misdemeanors under new paragraph (c).

"*Id.* at 497, *quoted in part in Revtai*, 343 Pa.Super. at 153, 494 A.2d at 401. These amendments to Rule 130 were subsequently adopted in 1984 and have remained unchanged.

"Although the Committee Report accompanying these amendments does, indeed, support the conclusion in *Revtai*

that the five-day limitation is inflexible, the *Revtai* court failed to note other developments in the Rules of Criminal Procedure which bear directly on the efficacy of Rule 130. When the modification to Rule 130 was proposed in 1981, the amendments to Rule 130, specifically the 'prompt release' procedures established in sections (b), (c), and (d), were also carried over and incorporated into the Rule governing the disposition of summary cases. *See* former Pa.R. Crim.P. 62(d), *reprinted in Pennsylvania Bulletin,* Vol. 11, No. 5, at 497. In discussing the need for the 'prompt release' procedure in summary cases, the Rules Committee sought to end the anomaly in permitting the prompt release of a defendant in a misdemeanor case, Pa.R.Crim.P. 130, while defendants charged with summary offenses were being detained, former Pa.R.Crim.P. 62. Report of Procedural Rules Committee, 'Discussion of Proposed Amendments, New Pa.R.Crim.P. 62(d),' *Pennsylvania Bulletin,* Vol. 11, No. 5, at 497. To make it clear that the procedures in both court cases and summary offense cases were to be viewed consistently, Rule 62, governing the procedure in summary cases, and Rule 130, governing the procedure in court cases, were cross-referenced. *Id.** Significantly, the procedures in both a summary case (where a citation is issued to the defendant) and a court case require the filing of a citation or complaint within five days of the arrest and release of the defendant. *Compare* former Rule 54(b) now, Pa.R.Crim.P. 56 *with* Pa.R.Crim.P. 130(d). The Official Comment to Rule 56, requiring the filing of a citation within five days, is particularly revealing:

"It is intended that the original citation be filed as soon as is practical so the issuing authority may process the case. However, *failure to comply with the five day limit is not intended to be grounds for dismissal, unless the defendant is prejudiced by the delay. See* Rule 90.

"Comment, Pa.R.Crim.P. 56 (emphasis added).

"The parallels between the procedural rules governing an arrest for drunk driving/misdemeanor and those rules gov-

erning an arrest for a summary offense are striking. The 'prompt release' provision governing the disposition of summary cases had its origins in the rule governing drunk driving cases. Given that the same five-day limitation applies to both drunk driving cases and summary offense cases, it would be illogical to dismiss a charge of drunk driving for a violation of that five-day limitation, while in a summary case a violation of an identical provision would proceed to disposition absent a showing of prejudicial delay. Unlike the *Revtai* court, we decline to accept a narrow reading of the Rules, finding a contrary conclusion is reached upon review of the history and amendments to Rule 130.

"Having found no basis for the *Press* and *Revtai* conclusions that the language of Rule 130(d) requires strict adherence, we next address the decisions in those cases that Rule 150 is ineffectual in a Rule 130 context. Contrary to the summary determination in *Press*, Rule 150 specifically states—in title and context—that procedural defects are inadequate grounds for discharge. This conclusion is reinforced by a review of Report of the Criminal Procedural Rules Committee which preceded the adoption of amended Rule 150. In its initial form, Rule 150 addressed only defects in a complaint, citation, summons or warrant; no provision was made to remedy procedural defects. The rule was specifically amended because cases were

"being dismissed for minor, technical failures to comply with the procedures for the institution and conduct of proceedings before the minor judiciary, as set forth in Chapters 50 and 100 of the Rules. The Committee realized that this probably occurs because present Rule 150 does not specifically refer to the effect or consequences of non-compliance with or defects in the procedures.... It was agreed that specific language addressing procedural defects would make Rule 150 clearer and would thereby avoid improper case dismissals.

"The Committee's research revealed that the appellate courts have held that non-compliance with procedural

requirements is also not grounds for dismissal unless the non-compliance actually prejudices the rights of the defendant. *See, e.g., Commonwealth v. Riley,* 260 Pa.Super. 280, 393 A.2d 1263 (1978). The Committee also recognized that non-compliance with the procedures of Chapters 50 or 100 creates no greater danger of a denial of due process than do defects in the form of the charging or process documents. *The Committee agreed, therefore, that the same prejudice standard for dismissal should apply to both defects in form and non-compliance with procedures.*

. . . . .

"The Committee also recommends that the Rule 150 title and the paragraph (a) caption be amended to refer to procedural defects.

"Report of Procedural Rules Committee, 'Proposed New Pa.R.Crim.P. 70 and Amendment to Pa.R.Crim.P. 150,' *Pennsylvania Bulletin,* Vol. 11, No. 29, at 2550 (July 18, 1981) (emphasis added). In short, there is simply nothing in the language, comment or history of Rule 150 which supports the holding in *Press.*

"The *Revtai* decision is similarly flawed in relying upon Section 1933 of the Statutory Construction Act and *Commonwealth v. Bidner,* 282 Pa.Super. 100, 422 A.2d 847 (1980) to support the proposition that Rule 130(d) constitutes an exception to Rule 150. Section 1933 provides:

"**Sec. 1933. Particular controls general**

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

"1 Pa.Cons.Stat.Ann.Soc. 1933 (Purdon Supp.1986). *Commonwealth v. Bidner, supra,* provides an example of when two statutes actually conflict within the meaning of Section 1933. In *Bidner,* this Court was presented with two separate statutes which established different penalties for the same prohibited conduct. *Bidner,* 282 Pa.Super. at 105, 422 A.2d at 850. Finding a conflict, this Court followed the guidelines of Section 1933 and found that the special provisions controlled and were an exception to the general provisions. *Id.* As *Bidner* demonstrates, where two statutes address the same subject matter while providing for different penalties or procedures, courts will find a conflict. *See Commonwealth v. Lawson,* 315 Pa.Super. 84, 461 A.2d 807 (1983); *Commonwealth ex rel. Platt v. Platt,* 266 Pa.Super. 276, 404 A.2d 410 (1979); *Commonwealth v. Litman,* 187 Pa.Super. 537, 144 A.2d 592 (1958).

"No such conflict exists between Rule 130(d) and Rule 150. Rule 130(d) and Rule 150 do not even address the same subject matter—the former designates when a complaint must be filed and the latter addresses when a dismissal is appropriate. Indeed, the mere placement of Rule 150 in Chapter 100, its title and its language lead to the inescapable conclusion that it was expressly made applicable to Rule 130 situations. Since Rule 150 expressly applies to Rule 130(d), to label these Rules as conflicting is to simply ignore this application."

*Id.,* 361 Pa.Superior Ct. at 332–339, 522 A.2d at 609–612.

Although we agree with these remarks we wish to clarify the court's comment that there is "no basis for the *Press* and *Revtai* conclusions that the language of Rule 130(d) requires strict adherence." *Id.,* 361 Pa.Superior Ct. at 337, 522 A.2d at 611. The error made in *Press, Revtai,* and their progeny, was not in concluding that Rule 130(d) required strict compliance, it was in concluding that a violation of Rule 130(d) triggers a self-executing remedy of dismissal. The time limits established in our Rules *do* require strict compliance, and when such compliance does not exist a defect in procedure has occurred. That defect however

then triggers the *separate and distinct* analysis as to what is the proper remedy. As we have previously indicated, when a defect occurs under Chapter 100 the remedy is explicitly provided in Rule 150.

Thus the failure of the Commonwealth to file a complaint within the time prescribed by Rule 130(d) does constitute a defect; and we do not intend our decision today to be raised as authority for the proposition that delays beyond that point might be argued away as not constituting defects. We do however state unequivocally that defects in procedure under Rule 130(d) do not mandate the self-executing remedy of dismissal, but instead allow the defendant recourse to seek relief under Rule 150.

### III

We now turn to consider the individual cases before us.

No. 5 W.D. Appeal Docket 1986

In the prosecution of Andrew Revtai the record demonstrates that the Commonwealth filed a complaint on the sixth day following his release. However, it is undisputed that in that instance the fifth day was a legal holiday, Memorial Day. Section 1908 of the Statutory Construction Act provides in relevant part that "[W]henever the last day of any such period [referring to statutorily prescribed time periods] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908.

As noted above, Rule 2 of the Rules of Criminal Procedure dictates that the rules shall be construed "as nearly as may be in consonance with the rules of statutory construction." Pa.R.Crim.P. 2. Applying that rationale to the situation at hand we hold that when the last day of the five day period prescribed in Rule 130(d) falls on a weekend or legal holiday the filing of the complaint on the next day will be

timely.[9] *See* generally Pa.Rules Civil Procedure 106(b). Thus the Commonwealth's action in this case was appropriate, and there was no defect in procedure. Consequently there is no need for a Rule 150 hearing. The complaint is reinstated.

## No. 48 W.D. Appeal Docket 1986

In the prosecution of Dennis Allen Briggs the record demonstrates that a complaint was not filed until sixteen days after his release. This failure to timely file a complaint was a defect under Rule 130(d). However, if Mr. Briggs failed to challenge this defect at the preliminary hearing as required by Rule 150 the defect is waived. Therefore, on remand the trial court must resolve this threshold inquiry before proceeding to the prejudice issue. In the meantime, the complaint against him is reinstated.

## No. 5 M.D. Appeal Docket 1986

In the prosecution of Alan Keith Seeger the record demonstrates that the fifth day was a legal holiday, and thus excludable. On the sixth day the complaint was not filed due to the early closing of the magistrate's office due to weather conditions. These were circumstances obviously beyond the officer's control, analogous to a breakdown in the normal operation of the courts. *See Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979); *Purdy Estate,* 447 Pa. 439, 291 A.2d 93 (1972). Therefore, this day also was excludable. However, there is no satisfactory explanation offered as to why the complaint wasn't filed on the next business day, *i.e.* the seventh day. Because the complaint was not filed until the tenth day it was at least three days late, and Mr. Seeger is entitled to a hearing to demonstrate how he was prejudiced by this three day delay. In the meantime, the complaint against him is reinstated.

## No. 6 M.D. Appeal Docket 1986

In the prosecution of Cathryn Lee Press the record demonstrates that a complaint was not filed until thirteen days

---

9. We note that the Superior Court has already applied Section 1908, 1 Pa.C.S. § 1908 in a slightly different context. *Commonwealth v. Oeler,* 357 Pa.Super. 281, 515 A.2d 977 (1986).

after her release. As in the case of Mr. Briggs, *supra*, the failure to timely file the complaint was not excusable, and constituted a defect. Thus Ms. Press is entitled to a hearing under Rule 150 to show how she was prejudiced by the delay in filing the complaint. In the meantime, the complaint against her is reinstated.

No. 27 M.D. Appeal Docket 1986

The prosecution of Monroe C. Hatcher is somewhat unique, since the Commonwealth in this case *did* timely file the complaint under Rule 130(d). The problem in this prosecution arose when the Commonwealth failed to establish a *prima facie* case at the original preliminary hearing. As noted above the Superior Court reversed, construing Rule 130(d) as establishing "a time limit within which the Commonwealth must file *supportable* charges," 345 Pa.Super. at 486–87, 498 A.2d at 928 (emphasis added).

The Superior Court's interpretation of Rule 130(d) is itself without support, and is effectively a rewriting of the rule to include a significant element which the drafters did not deem warranted. It is a fundamental rule of construction that the letter of the law is "not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). In this case the Superior Court, under the guise of pursuing the spirit of this law, deemed to change the clear letter of the law. This we cannot allow. Since Rule 130(d) contains no express requirement that "supportable" charges be filed within five days we will not read that element into it. Instead, we believe Mr. Hatcher stands in the same position as all other criminal defendants who are subjected to re-arrest after a favorable preliminary hearing determination. *See Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). Thus, a defendant can be re-arrested after a favorable preliminary hearing determination "provided that it is done within the period prescribed by the statute of limitations for the charges in question." *Commonwealth v. Hetherington*, 460 Pa. 17, 23, 331 A.2d 205, 208 (1975). Where the arrest is for a crime which falls under Rule 130, the Rule will apply from the date of the re-arrest.

In the case of Mr. Hatcher the record indicates that a complaint was filed the same day as his re-arrest. Thus there was no violation of Rule 130(d), and no need to resort to a Rule 150 proceeding. Therefore, the judgment of sentence of the Court of Common Pleas of Dauphin County is reinstated.

### No. 1 E.D. Appeal Docket 1987

The record in this case indicates that Michael McConville expressly waived the preliminary hearing, and consequently did not at that time complain regarding the late filing of the complaint. Rule 150 clearly states that all defects in procedure shall be raised "before the conclusion of the preliminary hearing." Pa.R.Crim.P. 150. Therefore, any contest which he may have had to the late filing is waived, and the complaint is reinstated.

### IV

Accordingly, the orders of the Superior Court in each of the above referenced cases are reversed. The cases are remanded to the respective courts of common pleas for proceedings consistent with this opinion.